IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) Civil Action No. ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| IT'S JUST LUNCH USA, LLC. | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex, male, and protected activity, and to provide appropriate relief to Lynda Twist ("Ms. Twist"), and a class of male job applicants who were adversely affected by such practices. The United States Equal Employment Opportunity Commission ("Commission" or "Plaintiff") alleges that since 2007, It's Just Lunch USA, LLC ("IJL" or "Defendant") engaged in an on-going pattern or practice of sex discrimination against males seeking Inside Sales Representative ("ISR") or Dating Director positions with IJL. The Commission further alleges that IJL retaliated against Twist because she opposed IJL's unlawful hiring practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), Section 707 of Title VII, 42 U.S.C. §2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

## PARTIES

3. The Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3), and Section 707 of Title VII, 42 U.S.C. §2000e-6.

4. IJL operates a matchmaking service that sells memberships and provides the services of matching members and coordinating introductions between members. IJL's principal place of business is in Hallandale Beach, Florida.  At all relevant times, IJL has continuously done business in Florida, and has continuously had at least fifteen employees.

5. At all relevant times, ATM has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEEDINGS

6.      More than thirty days prior to the institution of this lawsuit, Ms. Twist filed a charge of discrimination with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

7.      IJL is a private company headquartered in Hallandale Beach, Florida, that provides match-making services.  IJL opened its Hallandale Beach facility in 2007.

### Lynda Twist

8.      Ms. Twist began working for IJL in September 2008 as its Human Resources Director.

9.      As IJL's Human Resources Director, Ms. Twist's job duties included recruiting and pre-screening candidates for vacant positions at IJL, including Inside Sales Representative and Dating Director positions.  At IJL, Inside Sales Representatives are responsible for recruiting individuals to purchase memberships for IJL's match-making and dating services.  Once customers become IJL members, Dating Directors match and coordinate introductions between members.

10.     Beginning early in Ms. Twist's employment and throughout her tenure at IJL, IJL's Chief Executive Officer and its Director of Sales & Training told Ms. Twist that women were better-suited for the Inside Sales Representative and Dating Director positions because clients preferred to interact with women.

11.     Throughout her employment at IJL, Twist expressed her opposition to IJL's policy or practice of not hiring men as Inside Sales Representatives or Dating Directors.

12. In January 2009, IJL underwent a change in its senior management and Ms. Twist met with IJL's Chairman and the incoming Chief Executive Officer.

13. During Ms. Twist's January 2009 meeting with IJL's Chairman and CEO, she again expressed her opposition to IJL's policy or practice of not hiring men as Inside Sales Representatives or Dating Directors.

14. Within two days after expressing her opposition to IJL's discriminatory hiring practices to IJL's senior management, Ms. Twist was terminated from her employment with IJL.

15. As a direct and proximate result of IJL's policies, practices and conduct, Ms. Twist suffered degradation, humiliation, mental anguish, emotional distress, loss of the capacity for the enjoyment of life and loss of earnings.

## Male Applicants

16. Consistent with the statements of IJL's senior management, IJL had a practice of not hiring men for Inside Sales Representative and Dating Director positions.

17. Starting as early as the opening of its Hallandale Beach facility in 2007, IJL sought and received applications for vacant Inside Sales Representative and Dating Director positions.  Included among the applications that IJL received during this period were applications from men seeking employment with IJL as Inside Sales Representatives or Dating Directors.

18. Throughout the period beginning when IJL opened its Hallandale Beach facility until early 2009, when Ms. Twist filed her charge of discrimination with the

Commission, IJL did not hire a single male applicant for its vacant Inside Sales Representative or Dating Director positions in Hallandale Beach.

19. After Ms. Twist filed her charge of discrimination in early 2009, the number of men that IJL hired as Inside Sales Representatives or Dating Directors was disproportionately low compared to the number of applications that IJL received from men for those positions.

20. As a direct and proximate result of its discriminatory hiring practices, since 2007, IJL has maintained a workforce that under-represents men in Inside Sales Representative and Dating Director positions.

## STATEMENT OF CLAIMS

21. Paragraphs 1 through 20 are incorporated herein.  Since at least 2007, IJL has subjected a class of aggrieved male job applicants to an on-going pattern or practice of discriminatory failure to hire such applicants because of their sex (male) in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.  IJL has used, and continues to use, sex as a criterion for hiring, the effect of which has been to discriminate against male applicants for Inside Sales Representative and Dating Director positions, and to deprive males of equal employment opportunities and otherwise adversely affect their status as applicants because of their sex.

22. Paragraphs 1 through 20 are incorporated herein.  IJL engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a) by terminating Ms. Twist from employment in retaliation for engaging in protected activities.

5

23. The effect of the practices complained of in paragraphs 1 to 20 has been to deprive Ms. Twist of equal employment opportunities and otherwise adversely affect her status as an employee because she opposed IJL's discriminatory hiring practices.

24. The unlawful employment practices complained of in paragraphs 1 to 20 were done intentionally with malice and/or reckless indifference to the federally protected rights of Ms. Twist

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

25. Grant a permanent injunction enjoining IJL, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of sex by rejecting male applicants for Inside Sales Representative and Dating Director positions on the basis of their sex;

26. Grant a permanent injunction enjoining IJL, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating against employees for engaging in conduct protected by Section 704(a) of Title VII, including but not limited to, opposing and/or complaining of unlawful employment practices;

27. Order IJL to institute and carry out policies, practices, and programs that provide equal employment opportunities for men, and that eradicate the effects of its past and present unlawful employment practices;

28. Order IJL to make whole Ms. Twist and a class of unsuccessful male applicants by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of IJL's

unlawful employment practices, including but not limited to, reinstatement of Ms. Twist or front pay in lieu thereof, and hiring male class members;

29. Order IJL to make whole Ms. Twist by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 1 to 20 above, in amounts to be determined at trial;

30. Order IJL to pay Ms. Twist punitive damages for its malicious and reckless conduct, as described in paragraphs 1 to 20 above, in amounts to be determined at trial;

31. Grant such other further relief as the Court deems necessary and proper in the public interest; and

32. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: July 12, 2013

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel
        JAMES L. LEE
        Deputy General Counsel
        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        U.S. Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C.  20507

        ROBERT WEISBERG
        Regional Attorney

        KIMBERLY A. McCOY-CRUZ
        Supervisory Trial Attorney

        s/  Muslima Lewis
        MUSLIMA LEWIS (Florida Bar Number: 0158305)
        Senior Trial Attorney
        Attorney E-mail address: Muslima.Lewis@eeoc.gov

        U.S. Equal Employment Opportunity Commission
        Miami District Office
        100 Southeast 2nd Street, Suite 1500
        Miami, Florida 33131
        Telephone: 305-808-1784
        Facsimile: 305-808-1835
        Attorneys for Plaintiff