UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO.: 13-CV-61518-WPD

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| IT'S JUST LUNCH USA, LLC. | ) ) |
| Defendant. | ) ) ) |

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission ("Commission" or the "EEOC"), and It's Just Lunch USA, LLC. ("IJL").

## INTRODUCTION

1.      The Commission filed this action on July 12, 2013, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII") to correct unlawful employment practices, and to provide relief to Charging Party Lynda Twist and Aggrieved Class Members (as defined below) who were adversely affected by discriminatory practices.

2.      EEOC alleges that IJL violated Title VII by unlawfully refusing to hire men as Inside Sales Representatives and/or Dating Directors in its Hallandale Beach facility and at other locations over which IJL has hiring authority. EEOC also alleges that IJL retaliated against Charging Party Twist for opposing IJL's unlawful employment practices.

3.     The agreement to enter into this Decree shall not be construed as an admission of liability by IJL as to any allegations by EEOC. IJL denies that it violated Title VII by unlawfully refusing to hire men as Inside Sales Representatives and/or Dating Directors in its Hallandale Beach facility and at other locations over which IJL has hiring authority. IJL denies that it retaliated against Charging Party Twist for opposing IJL's unlawful employment practices.

4.     In the interest of resolving this matter, and to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties, and their respective successors and assigns.

5.     No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.  By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

6.     This Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. It's Just Lunch USA, LLC*, Case No. 0:13    -CIV- 61518 -WPD (S.D.Fla.).  Such action arose from the individual and class claims raised in EEOC Charge No. 510-2009-01825 (*Lynda Twist v. It's Just Lunch, LLC*), and the class claims raised in EEOC Charge No. 846-2010-59206 (*Eishlan Boyd v. It's Just Lunch, LLC*), the individual claims of the latter charge having been resolved through a private settlement between Boyd and IJL.

7.     This Decree constitutes the complete understanding between the Parties with respect to the matters herein. Any separate settlement agreements executed between IJL and

Charging Party Lynda Twist or between IJL and Charging Party Eishlan Boyd shall not supersede this Decree.

8.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

9.     This Decree does not resolve any charges of discrimination that may be pending with the Commission against IJL other than the Charges referred to in  paragraph 6. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against IJL in accordance with standard EEOC procedures.

## FINDINGS

10.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a.  This Court has jurisdiction over the subject matter of this action and the Parties;

    b.  No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

    c.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of Charging Party Twist, Aggrieved Class Members and the public interest are adequately protected by this Decree; and

    d.  The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of IJL.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

### DEFINITIONS

11.     "Effective Date" shall mean the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

12.     "Aggrieved Class Members" ("ACMs") refers to the class of male individuals who sought employment with IJL as Inside Sales Representatives or Dating Directors in IJL's Hallandale Beach facility and other locations over which IJL has hiring authority during the Hiring Period (defined below), and who were not hired, and who possess all essential objective, and non-discriminatory qualifications for the position(s) they sought.

13.     "Hiring Period" shall mean the period beginning when hiring for the Hallandale Beach facility began on November 1, 2007, and ending on the Effective Date.

14.     "Days" shall mean calendar days unless otherwise provided herein.

### DURATION OF DECREE

15.     This Decree shall be in effect for a period of three (3) years from the Effective Date.

### GENERAL INJUNCTIVE PROVISIONS

16.     <u>Compliance with Federal Equal Employment Opportunity Laws.</u> Nothing in this Decree shall be construed to limit or reduce IJL's obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f.

4

17.     <u>No Discrimination.</u> During the term of this Decree, IJL shall not refuse to hire any individual because of such individual's sex; and

18.     <u>Retaliation Prohibited.</u> During the term of this Decree, IJL shall not discriminate against any employee because the employee opposed any practice made unlawful by Title VII.

## CHARGING PARTY TWIST'S EMPLOYMENT RECORDS

19.     <u>Expungement of Unsatisfactory Entries from Personnel Record.</u> IJL agrees to expunge from Charging Party Twist's personnel file any negative references relating to her termination and any reference to the filing of a charge of discrimination.

20.     <u>Employment References.</u>  IJL agrees that, in furnishing oral or written references concerning Charging Party Twist as may be requested by prospective future employers, it will mention only the nature and duration of her employment. ILJ shall not mention Charging Party Twist's charge of discrimination or this lawsuit as part of any reference.

## CONSIDERATION OF AGGRIEVED CLASS MEMBERS FOR HIRE

21.     <u>Consideration of ACMs for Hire.</u> As set forth in detail in paragraph 44 below, each Aggrieved Class Member who, through the claims administration process, affirmatively indicates an interest in future employment with IJL as an Inside Sales Representative or Dating Director, or both, shall be given consideration during the duration of this Decree.  As Inside Sales Representative and Dating Director vacancies occur over the three-year period commencing on the Effective Date, IJL shall give hiring consideration to those Aggrieved Class Members it would consider candidates, and shall also consider incoming new candidates.  IJL shall hire the best qualified candidates identified through the interview process and its hiring decisions shall be based on non-discriminatory criteria.

22.     <u>Hiring Without Regard to Sex</u>. IJL agrees to consider all applicants for employment on an equal basis without regard to sex.

23.     <u>Applicant Tracking System</u>. IJL shall adopt and maintain for the duration of this Decree an electronic applicant tracking system which shall contain, for each person hired and for any other person who submits to IJL a resume, application, or electronic expression of interest, or whom was otherwise considered by IJL to be an applicant for employment as an Inside Sales Representative or Dating Director, at least the following information:

a.      <u>For Dating Directors</u>: **Background Information:** (1) applicant name; (2) gender; (3) source of application; **Resume Screen Information:** (1) date of screen;  (2) one or more years of customer service and/or sales experience; (3) the outcome of the resume screen (continue, hold, reject); **Phone Screen Information:** (1) date; (2) confirm comfortable with salary, commute and available shifts; (3) excitement and knowledge about IJL concept throughout interview; (4) two or more years basic computer and Internet knowledge; (5) great communication skills (1-10 scale); (6) outcome of the phone screen (continue, hold, reject); **Wonderlic:** (1) date; (2) score; (3) Wonderlic outcome (continue, hold, reject); **Face-to-Face Interview #1:** (1) date; (2) excitement and knowledge about IJL concept throughout interview; (3) experience making or taking inbound/outbound calls; (4) 2 or more years using Outlook, Excel, Word & Internet Navigation; (5) great communication skills (1-10 scale); (6) good fit with culture, pace, clientele, pressure, etc. (1-10 scale); (7) self-rating on ability to stick to a daily schedule (1-10 scale); (8) positive outlook (minimum 7 on 1-10 scale); (9) high energy and enthusiasm (1-10 scale); (10) performance on CR Examples (1-10 scale); (11)

confirm comfortable with salary, commute and available shifts; (12) candidate interest level in the position (1-10 scale); (13) outcome of the first interview (continue, hold, reject); **Face-to-Face Interview #2 :** (1) date; (2) excitement and knowledge about IJL concept throughout interview; (3) experience making or taking inbound/outbound calls; (4) great communication skills (1-10 scale); (5) good fit with culture, pace, clientele, pressure, etc. (1-10 scale); (6) track record of providing excellent Customer Service (either on resume or during interview); (7) Positive outlook (1-10 scale); (8) high energy and enthusiasm (1-10 scale); (9) performance on CR and flexing examples (1-10 scale); (10) candidate interest level in the position (1-10 scale); (11) outcome of the first interview (continue, hold, reject); **Post-Interviews:** (1) date; (2) one or more positive references; (3) position offered; (4) hired; (5) additional comments.

b.   For Inside Sales Representatives: **Background Information:** (1) applicant name; (2) gender; (3) source of application; **Resume Screen Information:** (1) date of screen; (2) 2 or more years of inside sales and/or 1 or more years intangible (service not product) sales experience; (3) the outcome of the resume screen (continue, hold, reject); **Phone Screen Information:** (1) date; (2) excitement and knowledge about IJL concept throughout interview; (3) experience making 50 or more outbound calls per day (100 or more strongly preferred); (4) four or more years basic computer and Internet knowledge; (5) one or more years experience with a 24 hour sales cycle; (6) one or more years experience using a guided presentation; (7) outcome of the phone screen (continue, hold, reject); **Phone Interview:** (1) date; (2) strong closing skills (either closing statistics or during

interview itself); (3) track record of sales success (e.g. meeting quota); (4) money motivated as shown by responses and review of IJL commission structure; (5) confirmed they are a good fit for position, or sells themselves and asks to take the next step; (6) good fit with culture, pace, clientele, pressure, etc. (1-10 scale); (7) positive outlook (1-10 scale); (8) great communication skills 1-10 scale); (9) high energy and enthusiasm (1-10 scale); (10) outcome of the first interview (continue, hold, reject); **Scripted Interview** : (1) date; (2) performance on sales script (1-10 scale); (3) good fit with culture, pace, clientele, pressure, etc. (1-10 scale); (4) great communication skills (1-10 scale); (5) high energy and enthusiasm (1-10 scale); (6) outcome of the scripted interview (continue, hold, reject); **Post-Interviews:** (1) date; (2) one or more positive references; (3) position offered; (4) hired; (5) additional comments).

24.    Quarterly Review. IJL shall conduct a quarterly review of its applicant flow. At a minimum, such review shall be based on an analysis of data gathered pursuant to this Decree, feedback regarding the hiring decisions from its personnel, as well as any complaints, reports or allegations of discrimination or non-compliance with this Decree and IJL's investigations thereof.

a.    The quarterly review shall include, inter alia: (1) the quarterly statistics, e.g., number of applicants, number hired, number discharged and number employed at quarter end, broken down by: (i) position and gender, and (ii) the names of the employees who participated in the hiring decisions broken down, if applicable, by the positions for which such employees participated in the selection process; and (2) a general review of recruiting and hiring practices to determine if there are any

deficiencies that require correction or any potential modifications that may further attainment of hiring in the spirit of and purposes of this Decree.

    b.   Within fifteen (15) days after each quarterly review, IJL shall prepare a report summarizing the findings of each such quarterly review ("the Quarterly Review Report").

25.    Within fifteen (15) days after the completion of each Quarterly Review Report, IJL shall provide to the EEOC: (a) a copy of the Quarterly Review Report; and (b) an electronic copy of its applicant tracking system reflecting data for the quarter covered by such report. In addition, within thirty (30) days after the last day of the term of this Decree, IJL shall submit the Quarterly Review Report and electronic copy of the applicant tracking system for the final quarterly period of this Decree.

26.    Upon review of the Quarterly Review Report and applicant tracking system data, EEOC may, upon thirty (30) days' prior written notice to IJL, conduct a study of IJL's recruiting and hiring practices to determine the reasons for failure to hire qualified male applicants and make recommendations. If practicable and not detrimental to the business, IJL shall implement any such recommendations within sixty (60) days of receiving EEOC's written notice of such recommendations.

27.    Notwithstanding the expiration of the other provisions of this Decree, for one (1) calendar year after the expiration of the term of this Decree, IJL shall retain all documents or data made or kept under this Decree. IJL shall provide such documents or data to the EEOC within ten (10) business days after receiving the EEOC's written request.

## DISPUTE RESOLUTION

28.     In the event that either party to this Decree believes that the other party has failed to comply with any provision of this Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) business days of the discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.

29.     If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the court for appropriate relief.

## MONETARY RELIEF

30.     Aggregate Payment.  IJL agrees to pay Nine Hundred Thousand Dollars ($900,000.00) in full settlement of this lawsuit.  Such payments shall be made to Charging Party Twist, into a Class Settlement Fund, and to pay the claims administration expenses as provided herein.

31.     Charging Party Twist. Within ten (10) days of the Effective Date, IJL will pay One Hundred Thirty Thousand, Six Hundred Fifty-Nine Dollars ($130,659.00) to Charging Party Lynda Twist, representing the income that Charging Party would have earned if she had not been terminated, which includes compensation for all damages, compensatory, punitive or otherwise, costs and attorney's fees.  Such payment shall be made by three (3) checks mailed by certified mail (Return Receipt) to Barbra A. Stern, Esq., Law Office of Bohdan Neswiacheny, 540 N.E. 4th Street, Fort Lauderdale, Florida  33301 as follows: one check payable to Twist in the amount of Thirty Thousand Dollars ($30,000) (less withholding and applicable tax deductions) representing backpay; one check payable to Twist in the amount of Seventy Thousand Dollars

10

($70,000) representing non-wage damages; and one check payable to Law Office of Bohdan Neswiacheny Trust Account in the amount of Thirty Thousand Six Hundred Fifty-Nine Dollars ($30,659) representing attorney's fees and costs. IJL will issue tax forms to Lynda Twist at the following address: Lynda Twist, 230 S.W. 12th Street, Dania, Florida 33004 and to the Law Office of Bohdan Neswiacheny at the following address: 540 N.E. 4th Street, Fort Lauderdale, Florida   33301. A photocopy of the checks described in this paragraph shall be contemporaneously sent to Regional Attorney Robert E. Weisberg, Re: It's Just Lunch Consent Decree, Equal Employment Opportunity Commission, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131, as proof of compliance with this provision of the Decree. Payment to Twist shall be made after execution of a release and settlement agreement approved by Twist and IJL. The EEOC shall not be a party to such release or agreement.  The employer's portion of federal tax obligations shall be reimbursed to IJL from the class settlement funds.

    32.    Class Settlement Fund.   In addition to the payment to Charging Party Twist set forth above, within fifteen (15) days of the Effective Date, the Claims Administrator and IJL shall cause to be established a Qualified Settlement Fund under §468(b) of the Internal Revenue Code hereunder in the principal amount of Seven Hundred Sixty-Nine Thousand, Three Hundred Forty-One Dollars ($769,341.00) for the purpose of providing individual monetary awards to Eligible Aggrieved Class Members ("ACMs") and paying the costs and expenses of class administration. Payment of funds for the Class Settlement Fund shall be made to Settlement Services, Inc., as Claims Administrator, within ten (10) days of the Effective Date. The Claims Administrator shall have authority to issue checks from the account to Eligible Aggrieved Class Members. EEOC shall have the sole authority to determine the class of individuals who are

Eligible Aggrieved Class Members and the amount to be paid to each Eligible ACM in accord with procedure outlined in the Claims Administration Section below.

33.   <u>Claims Administration Expenses</u>.   All costs and expenses relating to the claims administration process, which are estimated to be no more than One Hundred Thousand Dollars ($100,000.00), shall be paid from the Class Settlement Fund.

34.   <u>Failure to Make Timely Payment</u>. If IJL fails to tender the payments described in paragraphs 30 through 33 of this Consent Decree, IJL will pay interest on the defaulted payment(s) at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by IJL's non-compliance or delay.

## CLAIMS ADMINISTRATION AND REAPPLICATION PROCESS

35.   <u>Timelines</u>.   All timeframes and deadlines established in paragraphs 36 through 66 of this Consent Decree may be modified by written agreement of the parties, without notification to the Court.

36.   <u>Claims Administrator</u>.   EEOC has selected Settlement Services, Inc. as the Claims Administrator. The Claims Administrator shall: (a) facilitate the creation of a Qualified Settlement Fund under §468(b) of the Internal Revenue Code; (b) identify Aggrieved Class Members from data provided by the EEOC; (c) create a website dedicated to claims administration at domain name www.eeocandijlconsentdecree.com; (d) send notices, questionnaires and forms relating to settlement; (e) receive questionnaires and forms relating to settlement; (f) identify Eligible Aggrieved Class Members from questionnaires and/or forms received based on criteria provided by the EEOC; (g) transmit notifications of eligibility; (h) transmit notifications of monetary awards; (i) transmit and review release forms; (j) issue checks to Aggrieved Class Members from the Class Settlement Fund; (k) issue related tax documents;

and (j) perform such other administrative tasks as it and EEOC may deem necessary to facilitate the claims administration process.

37.   Identification of Aggrieved Class Members. Within fifteen (15) days of the Effective Date, EEOC shall transmit to the Claims Administrator a list containing, if available, the full names, last known addresses and email addresses for all of the applicants that have previously been identified by EEOC to IJL, each of whom submitted an electronic application to IJL for the position of Inside Sales Representative and/or Dating Director between 2007 and the Effective Date. Prior to submitting the list of applicant names and e-mail addresses, EEOC shall provide IJL an opportunity to review the list so that IJL can verify the accuracy of the list's contents, provided, however, that EEOC has the unfettered and exclusive right to identify Aggrieved Class Members, and this cannot be challenged by IJL.

38.   E-Mailing of Claims Notification and Initial Questionnaires. Within twenty-five (25) days of the Effective Date, the Claims Administrator shall e-mail a cover letter from EEOC containing notice of the settlement, an explanation of the eligibility determination process, the website dedicated to the claims administration process and an initial questionnaire ("Initial Package") to all known Aggrieved Class Members at their last known e-mail addresses.

39.   Unsuccessful E-Mailing of Initial Packages.   The Claims Administrator shall make reasonable efforts in consultation with the EEOC to resend Initial Packages in an alternate manner, including by U.S. mail, to those Aggrieved Class Members whose Initial Packages are "bounced back" or returned as undeliverable.

40.   Eligibility Determinations.   The Claims Administrator will review all Initial Questionnaires to identify Eligible Aggrieved Class Members based on essential, objective, and non-discriminatory criteria provided by EEOC.   If the Claims Administrator has any question as

to the eligibility of any ACM the EEOC will make the eligibility determination in its sole discretion based on essential, objective, and non-discriminatory qualification criteria, including: (1) for Inside Sales Representatives, two or more years of inside sales experience and/or one or more years of intangible (service not product) sales experience; and (2) for Dating Directors, one or more years customer service and/or sales experience. ILJ shall not challenge any such determination. Aggrieved Class Members who seek consideration of their eligibility to recover monetary compensation must complete the Initial Questionnaire and cause it to be received by the Claims Administrator via e-mail within eighty-five (85) days after the Effective Date. The Initial Questionnaire must be received by the Claims Administrator on or before such date in order to be considered. All Initial Questionnaires must be signed under penalty of perjury to be considered. Any person whose Initial Questionnaire is not actually received by the Claims Administrator within eighty-five (85) days of the Effective Date shall be forever barred from receiving any relief under this Decree or in connection with this action.   The time may be extended by the EEOC for good cause shown including where the potential Eligible ACM did not receive the Initial Questionnaire in a timely manner, but, in no event, may the time be extended for more than one year.

     41.    <u>Relationship Between Eligibility for an Award and Present Hireability</u>. A determination of eligibility for an award pursuant to the terms of this Consent Decree is not a determination of present hireability. An individual's eligibility for an award pursuant to the terms of this Consent Decree does not mean that the same individual is presently qualified for employment with IJL.   Eligibility does not guarantee or secure a position with IJL for any individual now or in the future.   As discussed in paragraphs 21 and 44, Eligible ACM's who

14

expressed an interest in applying for employment with IJL at this time are entitled to consideration for vacant positions based on the criteria set forth in paragraph 23.

42.    <u>E-Mailing of Eligibility Determinations and Follow-Up Questionnaires</u>. Within one hundred and fifteen (115) days of the Effective Date, the Claims Administrator shall e-mail a cover letter from EEOC to each Aggrieved Class Member who timely submitted the Initial Questionnaire containing notice of their eligibility determination. For those Aggrieved Class Members deemed to be Eligible Aggrieved Class Members, the Claims Administrator shall also e-mail an explanation of the claims process and a Follow-Up Questionnaire ("Follow-Up Package") to the Eligible Aggrieved Class Members' last known e-mail addresses within one hundred and fifteen (115) days after the Effective Date.

      a.    <u>The Follow</u>-Up Questionnaire will include questions that would identify claimants who are "Medicare Eligible," as defined by MMSEA, and who have received Medicare benefits.

43.    <u>Submission of Questionnaires</u>. Aggrieved Class Members who seek to recover monetary compensation must complete a Follow-Up Questionnaire form and cause it to be received by the Claims Administrator via email within one hundred and seventy-five (175) days after the Effective Date. The Follow-Up Questionnaire form must be received by the Claims Administrator via e-mail or otherwise on or before such date in order to be considered. All Follow-Up Questionnaire forms must be signed under penalty of perjury to be considered. Any person whose Follow-Up Questionnaire form is not actually received by the Claims Administrator within one hundred and seventy-five (175) days of the Effective Date shall be forever barred from receiving any relief under this Decree or in connection with this action. The time may be extended by the EEOC for good cause shown including where the potential Eligible

ACM did not receive the Follow-Up Questionnaire in a timely manner, but, in no event, may the time be extended for more than one year.

     a.   To the extent that any ACM submits an answer in the Follow-Up Questionnaire that he has received Medicare benefits, the Commission will forward to IJL the names, gender, social security number and address of those claimants. EEOC will also advise these claimants of their right to seek the advice of an attorney if they have any questions concerning whether Medicare benefits were paid for any treatment for injuries caused by the IJL's failure to hire them.

     b.   If requested by IJL, EEOC will instruct the claims administrator to withhold payment of any award to these claimants who have indicated that they have received Medicare benefits until IJL has determined whether Medicare benefits were paid for any treatment for injuries caused by the Company's failure to hire those claimants.

     c.   For claimants that have identified themselves as Medicare beneficiaries, EEOC will assist IJL in obtaining additional information from the claimants regarding whether they received Medicare benefits to pay for their injuries.

     d.   If requested by IJL, the Commission will provide HICNSSN Form 081809 to each claimant that identifies himself as Medicare-eligible and request that the form be filled out.

    44.   <u>Eligible Aggrieved Class Members Presently Interested in Applying for Employment with IJL</u>. The Follow-Up Questionnaire will ask each Eligible Aggrieved Class Member if he is interested in reapplying for employment with IJL as an Inside Sales Representative and/or Dating Director at this time and, if so, to provide a current resume. If the Eligible ACM indicates a present interest in employment with IJL, then the Eligible ACM's

name, resume and expression of interest in the Inside Sales Representative and/or Dating Director position, or both, will be forwarded by the Claims Administrator via email to IJL's HR Manager at recruitment@ijlcorp.com for consideration for vacant positions. All referrals of Eligible ACMs to IJL shall occur on a rolling basis between one hundred and seventy-five (175) and two hundred and thirty-five (235) days of the Effective Date. IJL shall consider the Eligible ACM for available positions during the duration of this Decree. However, once IJL has interviewed the Eligible ACM and made a decision not to offer the Eligible ACM employment for present or future available positions, IJL is not required to re-interview that Eligible ACM for subsequent available positions.

45. <u>Late Claims</u>. For claims received after the filing deadline, the Claims Administrator shall notify late-filing Aggrieved Class Members that their claims are untimely and that they are not eligible for any monetary award. The Claims Administrator shall also inform late-filing Aggrieved Class Members that they may seek a review of the determination that they filed untimely by requesting EEOC to reconsider its determination. EEOC may reverse the Claims Administrator's determination that a claim was not timely filed, in its sole discretion, depending on the circumstances at any time prior to EEOC filing its petition for Entry of the Order Approving the Allocation of Settlement Funds (*see* Paragraph 55 herein).

46. <u>Claims of Deceased Persons</u>. Claims may be filed on behalf of deceased Aggrieved Class Members through representatives of their estate or next of kin if appropriate documentation (*e.g.*, letters testamentary or the equivalent) is provided. Any claims paid to a deceased ACM shall be made payable to the estate of the deceased ACM.

47. <u>Forwarding of Questionnaire Forms to EEOC</u>. The Claims Administrator shall forward questionnaire forms and supporting documentation to EEOC as they are requested.

48.     <u>Final Determination of Eligibility.</u> Within two hundred and seventy-five (275) days of the Effective Date, the Claims Administrator shall make recommendations to EEOC as to whether the Eligible Aggrieved Class Members who filed timely claims are in fact eligible to receive a monetary award based on criteria provided to it by EEOC and, if so, the amount of each monetary award. In making its recommendations, the Claims Administrator may consider whatever evidence EEOC deems appropriate, including, but not limited to, evidence received by EEOC in its investigation of the charges of discrimination underlying this action, in connection with its litigation of this action, and in connection with the claims process provided by this Decree. EEOC shall review the recommendations of the Claims Administrator and make final eligibility determinations.

a.    <u>Incomplete Questionnaires.</u> If a Questionnaire form is determined to be incomplete by the Claims Administrator, it shall request in writing additional information from the Eligible ACM, if it appears that such additional information would complete the Questionnaire. The Claims Administrator shall make all such requests no later than two hundred and thirty-five (235) days after the Effective Date. The Eligible ACM must provide the requested information, signed under penalty of perjury, to the Claims Administrator by mail so that it is actually received by the Claims Administrator no later than two hundred and fifty-five (255) days from the date of the request for information. Any Aggrieved Class Member determined by EEOC to be entitled to receive a monetary award shall be deemed an "Eligible Aggrieved Class Member" for the purposes of this Decree.

b.    <u>Factors Bearing on Allocation of Monetary Relief.</u> Payments to Eligible Aggrieved Class Members shall be made from the Class Settlement Fund as full

compensation for back pay, compensatory (pecuniary and non-pecuniary) and punitive damages. The Claims Administrator will recommend and EEOC will determine the amount of each Eligible ACM's monetary award in its sole discretion based on the following factors:

a. <u>Back Pay</u>. Back pay that shall be paid from the Class Settlement Fund to each Eligible ACM in an amount based on multiple factors including: (a) the difference in mitigated income that the Eligible ACM would have earned had he been hired by IJL; (b) the extent to which the qualifications of the Eligible ACM exceed the minimum job qualifications; (c) the number of employment applications the Eligible ACM submitted during the Hiring Period; (d) other individualized proof of qualifications for the positions; and (e) the total number of Eligible ACMs. The EEOC, with input from the Claims Administrator, will make the final decision concerning the amount of back pay due to each Eligible ACM.

b. <u>Compensatory (Pecuniary and Non-Pecuniary) and Punitive Damages.</u> Compensatory damages that shall be paid from the Class Settlement Fund to each Eligible ACM represent damages for emotional distress, mental suffering, humiliation, loss of self esteem, embarrassment, depression, pain and suffering, or loss of enjoyment of life. These damages may also compensate for loss of credit rating, job search expenses, moving expenses, medical expenses and any out of pocket expenses. Verification of claimed pecuniary expenses shall consist of invoices, bills, paid receipts, cancelled checks or other legally sufficient proof. The amount of compensatory

damages due each Eligible ACM, if any, will be determined by the EEOC with input from the Claims Administrator based on the above-stated factors.

49.     <u>Information in IJL's Possession</u>. IJL may be asked by EEOC to provide information and data that has not already been provided to EEOC that is necessary to make award determinations. EEOC shall make all such requests no later than two hundred and thirty-five (235) days after the Effective Date. IJL will respond to all EEOC requests for information relating to the Aggrieved Class Members within ten (10) days of the receipt of the request, or as soon as practicable, by providing all responsive documents and information available to IJL. The information requested by EEOC of IJL pursuant to this paragraph shall be limited to the contact and other applicant information about Aggrieved Class Members and any other information that is reasonably available to IJL relating to the Aggrieved Class Members without significant additional production expense to IJL.

50.     <u>Allocation of Monetary Relief</u>. EEOC shall be the sole determiner of the amount of monetary relief to be received by any Eligible Aggrieved Class Member under this Decree. IJL will not participate in or object to EEOC's determinations.

51.     <u>Confidentiality of Questionnaires</u>. Questionnaires received by the Claims Administrator and/or EEOC shall be treated as confidential and not be disclosed to IJL or any other person or entity, except that such Questionnaires may be submitted confidentially to the Court if requested by the Court. IJL will, however, receive copies of questionnaires on which an Aggrieved Class Member has indicated, under penalty of perjury, that he is Medicare eligible.

52.     <u>Notification of Awards</u>. Within two hundred and eighty-five (285) days of the Effective Date, EEOC shall cause the Claims Administrator to notify each Claimant (both Eligible Aggrieved Class Members as well as those not receiving a monetary award) in writing

of the amount of his monetary award, if any, and of anticipated  date on which EEOC plans to seek Approval of Allocation of Settlement Funds. The Notification of Award shall indicate that the award is subject to review or modification only by the Court.

53.    Release of Claims. Along with the Notification of Award, the Claims Administrator shall e-mail to each Eligible ACM a Release (copies of which are attached hereto as **Exhibit A and Exhibit B**). Each Eligible ACM will be notified that in order to receive monetary payments under this Decree, he must execute and deliver to the Claims Administrator an appropriate Release, which will become effective upon the entry of the Order Approving the Allocation of Settlement Funds. The e-mailed letter will inform each Eligible ACM that such Release must be signed and returned to the Claims Administrator so that it is actually received by the Claims Administrator within thirty (30) days of the Notification of Award. Any Eligible ACM whose executed Release is not actually received by the Claims Administrator within thirty-five (35) days of the Notification Award shall be ineligible for and forever barred from receiving any relief under this Decree. The time may be extended by the EEOC for good cause shown including where the potential Eligible ACM did not receive the Follow-Up Questionnaire in a timely manner, but in no event, may the time be extended for more than one year.

54.    If the District Court modifies the allocation of settlement funds as petitioned by EEOC, the Claims Administrator shall mail to each Eligible ACM whose settlement amount has been modified a new Release indicating the new settlement amount within ten (10) days of the Court's modification. Each Eligible ACM whose settlement amount has been modified will receive an additional fourteen (14) days to return the new Release. Any Eligible ACM whose executed Release is not actually received by the Claims Administrator within twenty (20) days of the mailing of the new Notification Award shall be ineligible for and forever barred from

receiving any relief under this Decree. The time may be extended by the EEOC for good cause shown including where the potential Eligible ACM did not receive the Follow-Up Questionnaire in a timely manner, but, in no event, may the time be extended for more than one year.

55.     The Claims Administrator shall provide all original signed Releases to IJL and maintain copies for the EEOC.

56.     Review of Releases.  Prior to providing signed original releases to IJL, and prior to sending any monetary awards, the Claims Administrator shall review all releases to ensure they are properly executed. In the event that a Release has not been properly executed and proper execution appears possible, the Claims Administrator shall contact the Eligible ACM and attempt to procure a properly executed release.

57.     Motion for Approval of Allocation of Settlement Funds. Upon the determination of all claims and the receipt of properly executed releases for all Eligible Aggrieved Class Members, EEOC shall file a motion with the District Court seeking approval of the allocation of the Settlement Fund among those Eligible Aggrieved Class Members who have executed and timely returned the Releases. In connection with this motion, EEOC shall file a proposed settlement distribution list, which shall contain the name and proposed gross settlement amount for each Eligible ACM. IJL shall not challenge the proposed settlement distribution list. After appropriate review, in connection with which EEOC shall provide any information within EEOC's possession which the Court requests, the Court will enter an Order Approving the Allocation of the Settlement Funds and the distribution thereof pursuant to this Consent Decree.

58.     Distribution of Settlement Fund. Within fifteen (15) days of the receipt of Notification from EEOC that the Order Approving the Allocation of the Settlement Funds by the Court has been entered, the Claims Administrator shall issue and mail one check (allocated as

provided in Paragraph 59 below) to each Eligible ACM deemed eligible for a monetary award in the gross amount reflected in the final settlement distribution list, less applicable deductions.

59.   Tax Treatment of Monetary Awards. The monetary awards shall be allocated to lost wages and to compensatory damages as appropriate based on the awards. The Claims Administrator shall issue an IRS Form W-2 to each Eligible ACM with regard to the lost wage component of the monetary award, and an IRS Form 1099 to each Eligible ACM with regard to the compensatory damages component of the monetary award. The employer's portion of federal tax obligations and withholding shall be paid from class settlement funds.

60.   Distribution of Any Residual Amount in the Class Settlement Fund. In the event that checks are returned and/or the Settlement Fund is not completely distributed for any reason after payment to Settlement Services, Inc. within thirty (30) days after the Order Approving the Allocation of Settlement Funds of this Decree, EEOC may petition the Court and ask that a portion of the remaining funds be allocated to Charging Party Lynda Twist.  The remaining sum, if any, shall become part of a *cy pres* fund to be distributed to Iraq and Afghanistan Veterans of America (IAVA), a charity located at 777 N. Capitol, NE, Su. 403, Washington, DC 20002, and identified by the EEOC in its sole discretion.

## TRAINING AND SUPERVISOR ACCOUNTABILITY

61.   Employee Training. IJL agrees to schedule all employees for training on its anti-discrimination policy. All training must be completed within ninety (90) days of the Effective Date.

62.     <u>Supervisory Accountability</u>.   IJL shall promote supervisory accountability by:

a.   Providing annual anti-discrimination training to all employees and managers who participate in IJL hiring decisions, with an emphasis on federal equal employment prohibitions on discriminatory hiring practices and retaliation;

b.   Disciplining, up to and including discharge, any supervisor or manager who violates IJL's policy or policies against discrimination and retaliation;

c.   Imposing on all managers and supervisory personnel a duty to perform their work duties and conduct their hiring practices in a manner that ensures compliance with IJL's policy or policies against discrimination and retaliation; and

d.   Requiring all managers and supervisors to report any incidents and/or complaints of disparate treatment and/or retaliation of which they become aware to the Human Resources Department or senior management.

## POSTING OF NOTICE

63.     Within ten (10) business days after the Effective Date, IJL shall post a laminated copy of the Notice attached as **Exhibit C** to this Decree at all of its facilities in a conspicuous location easily accessible to and commonly frequented by employees.  IJL shall certify to EEOC in writing within fifteen (15) business days after entry of this Decree that the Notice has been properly posted. IJL shall permit a representative of EEOC to enter IJL's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## NOTIFICATION TO SUCCESSORS

64.     IJL shall provide prior written notice to any purchaser of its business, or a purchaser of all or a portion of IJL's assets, and to any other successor, of the EEOC's lawsuit, allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

## MONITORING AND REPORTING

65.     <u>EEOC May Review Compliance With Decree.</u>  On request of the Charging Party or on the Commission's own request, the EEOC may review IJL's compliance with this Decree. As a part of such review, during the term of this Decree, the EEOC may inspect IJL's premises no more than once every six (6) months, and examine witnesses and examine and copy documents no more than once every six (6) months.

66.     <u>Notice of Compliance.</u> Unless otherwise provided herein, IJL agrees to provide written notice to the EEOC within thirty (30) days of satisfying each of its obligations under paragraphs 19, 23, 31, 32, 61, 62(a), 63 and 64 of this Decree.

67.     <u>Reporting Requirements.</u> All reports, notices and other documents required hereunder shall be mailed to Regional Attorney Robert E. Weisberg, Re: It's Just Lunch Consent Decree, Equal Employment Opportunity Commission, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

## COSTS

68.     <u>Litigation Costs.</u>   Each party to this Decree shall bear its own costs associated with this litigation.

**SO ORDERED, ADJUDGED AND DECREED, this \_\_\_\_day of _____, 2013.**

JUDGE _____
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____   Date: June 10, 2013
        Robert E. Weisberg, Esq.

Regional Attorney for U.S. Equal Employment Opportunity Commission
Florida Bar No. 285676
Miami District Office
Miami Tower, 100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (305) 808-1789
Fax: (305) 808-1835
E-Mail: robert.weisberg@eeoc.gov

AGREED TO:

FOR THE DEFENDANT, IT'S JUST LUNCH USA, LLC:

By: _____   Date:   June 27, 2013

      Alan Peyrat
_____
Print Name

      Vice President
_____
Title

**EXHIBIT A TO CONSENT DECREE**
WITH RESPECT TO EEOC CHARGE NUMBERS
510-2009-01825 AND 846-2010-59206

**INDIVIDUAL CLAIMANT RELEASE FORM**

IN CONSIDERATION OF SETTLEMENT FUNDS RECEIVED, under that certain Consent Decree dated _____, 2013, relating to EEOC Charge Numbers 510-2009-01825 and 846-2010-59206 (the "Charges"), I hereby provide the following release/waiver of claims against It's Just Lunch USA, LLC. (the "Company"), the Respondent Employer, named in the Charges:

I hereby knowingly, voluntarily, and irrevocably and unconditionally waive and release all claims, actions, damages of any sort, costs, expenses and attorneys fees, and liabilities of any nature whatsoever for discriminatory failure to hire based on gender arising under Title VII of the Civil Rights Act of 1964, as amended, that were included in the claims alleged in the Charges 510-2009-01825 and/or 846-2010-59206, or on which the EEOC found reasonable cause to conclude that discrimination occurred in its Determination issued in the Charges or in the claims included in the complaint by the EEOC in *EEOC v. It's Just Lunch USA, LLC*, for the period from November 1, 2007, through the effective date of the Consent Decree.

Signed _____

Name _____
         [Claimant Name Printed]

## EXHIBIT B TO CONSENT DECREE
WITH RESPECT TO EEOC CHARGE NUMBERS
510-2009-01825 AND 846-2010-59206

## INDIVIDUAL CLAIMANT RELEASE FORM – MEDICARE BENEFICIARY

IN CONSIDERATION OF SETTLEMENT FUNDS RECEIVED, under that certain Consent Decree dated _____, 2013, relating to EEOC Charge Numbers 510-2009-01825 and 846-2010-59206 (the "Charges"), I hereby provide the following release/waiver of claims against It's Just Lunch USA, LLC. (the "Company"), the Respondent Employer, named in the Charges:

I hereby knowingly, voluntarily, and irrevocably and unconditionally waive and release all claims, actions, damages of any sort, costs, expenses and attorneys fees, and liabilities of any nature whatsoever for discriminatory failure to hire based on gender arising under Title VII of the Civil Rights Act of 1964, as amended, that were included in the claims alleged in the Charges 510-2009-01825 and/or 846-2010-59206, or on which the EEOC found reasonable cause to conclude that discrimination occurred in its Determination issued in the Charges or in the claims included in the complaint by the EEOC in *EEOC v. It's Just Lunch USA, LLC,* for the period from November 1, 2007 through the effective date of the Consent Decree.

The undersigned Claimant is a Medicare beneficiary. Accordingly, the details of this settlement – including the identities of Claimant and his/her attorney, certain personal information about Claimant, the settlement amount, the date of settlement and the injuries alleged – may be reported to the Centers for Medicare & Medicaid Services (CMS) consistent with Section 111 of the Medicare, Medicaid & SCHIP Extension Act of 2007.

Signed _____

Name _____
      [Claimant Name Printed]

**EXHIBIT C TO CONSENT DECREE**

**NOTICE TO ALL EMPLOYEES OF IT'S JUST LUNCH USA, LLC**

It's Just Lunch USA, LLC has a policy that prohibits retaliation and sex discrimination, including treating male applicants less favorably because of their sex. Federal law, more specifically, Title VII of the Civil Rights Act of 1964, as amended, protects individuals from employment discrimination because of sex, race, religion, color, age, disability, and/or national origin. It's Just Lunch USA, LLC does not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, discrimination against men because of sex.

If you have been the victim of discrimination, It's Just Lunch encourages you to report such discrimination to any supervisor or to Human Resources. You also have the right to report discrimination directly to EEOC, a federal agency which enforces the federal laws against discrimination. Contact information for EEOC is provided below.

Title VII protects individuals from retaliation for having complained of an unlawful employment practice, including discrimination. It's Just Lunch assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Title VII and/or It's Just Lunch's policy prohibiting discrimination and/or retaliation.

If you believe you have been discriminated against, you may contact EEOC at (305) 808-1780. EEOC charges no fees and has employees who speak languages other than English.

Any questions about this Notice or compliance with its terms may be directed to EEOC, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

Dated: _____

_____

IT'S JUST LUNCH USA, LLC

**D O   N O T   R E M O V E   T H I S   N O T I C E**